UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY ALLEN TAYLOR,

Plaintiff,

v.                                        CASE No. 8:08-CV-1997-T-27TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

_____

ORDER

THIS CAUSE came on for consideration upon the Plaintiff's

Unopposed Motion for Award of Attorney's Fees (Doc. 17) filed by counsel

for the plaintiff on May 15, 2009. Having considered the application, the

defendant's lack of objection, and the pertinent factors regarding an award of

attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff

shall be awarded $1,937.50 in fees to be paid, by virtue of a fee assignment,

to plaintiff's counsel by the defendant.

The applicant represented the plaintiff in this action seeking

review of a denial of disability insurance benefits and supplemental security

income payments. This matter was remanded to the Social Security

Administration by Order of this court (Doc. 16), granting the defendant's

motion to remand the case for further action under sentence four of 42 U.S.C. 405(g) and 1383(c)(3). The plaintiff then filed this application for fees under the EAJA.

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $1,937.50 representing 12.5 total hours of service before the court at an hourly rate of $155 in 2008 and 2009 by attorney Joel B. Fein (Doc. 17, p. 13). The plaintiff states that the defendant has no objection to this request (id., pp. 4-5). Moreover, the defendant has not responded despite adequate time to do so.

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, no special circumstance exists which would make an award of attorney's fees unjust. Accordingly, the award of attorney's fees to the plaintiff in this case is appropriate under the EAJA.

The claim of 10.5 hours for services performed in this case and two hours for preparing the fee petition appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate from the statutory amount of $125 per hour to $155 per hour for work performed in 2008 and 2009 (Doc. 17, p. 4). In the past, the Commissioner has not objected to such an adjustment, and no objection has been asserted here. Moreover, the rate is warranted and reasonable in light of the requested cost of living adjustment. Accordingly, the plaintiff will be awarded an attorney's fee in the amount of $1,937.50.

Finally, it is requested that the attorney's fees be paid directly to plaintiff's counsel (id., p. 1). In Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a Social Security disability case is payable directly to the plaintiff, not counsel. However, in this case, the plaintiff agreed that the EAJA award be made to his counsel (Doc. 17, p. 15). Furthermore, the defendant has not raised any opposition to an award of attorney's fees under the EAJA directly to counsel in this circumstance. Therefore, by virtue of the fee assignment and the defendant's

lack of opposition, the award of attorney's fees is payable to plaintiff's counsel in this case.

For the foregoing reasons, the Plaintiff's Unopposed Motion for Award of Attorney's Fees (Docs. 17) is hereby **GRANTED.** The plaintiff is hereby awarded the amount of **$1,937.50** in attorney's fees to be paid to the plaintiff's counsel by the defendant pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 3rd day of July, 2009.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE